IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00221-PAB-CBS

SNOW MOUNTAIN HOLDINGS TRUST,
KELLY LEOPARD, TRUSTEE,
    Plaintiffs,
v.

GINGER L. WRAY, IRS Employee, and
JOHN KOSKINEN, IRS Commissioner,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This matter comes before the court regarding Plaintiffs' failure to comply with a court order, the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure, failure to respond to the court's April 30, 2015 Order to Show Cause, failure to timely serve the Defendants, and failure to prosecute this civil action. Pursuant to the Order of Reference dated February 9, 2015 (Doc. # 8), this civil action was referred to the Magistrate Judge. The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

    Plaintiffs filed their "Quiet Title Complaint" on December 15, 2014 in the District and County of El Paso County, Colorado. (*See* Doc. # 3). Their purported pleading is approximately 312 pages in length, alleges jurisdiction under Colorado Rule of Civil Procedure 105, and is virtually incomprehensible. (*See* Docs. # 3, # 1-3, # 1-4, # 1-5, # 1-6, and # 1-7). The pleading is signed by Jon Malcom Leopard, who is not a plaintiff, for Philip K. Leopard, Trustee. (See Doc. # 3 at 64 of 65).

By an Order dated February 13, 2015, the court set this matter for a Telephone Status Conference on April 20, 2015. (*See* Doc. # 10). The court directed the parties to coordinate to create a conference call among themselves and to call the court at the scheduled time. (*See id.*). Counsel for Defendants appeared via telephone. Counsel for Defendants attempted but was unable to reach Plaintiff Kelly Leopard. Plaintiffs did not appear in person or through counsel. Pursuant to the Federal Rules of Civil Procedure,

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order. . . . Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). Plaintiffs failed to comply with the court's Order (Doc. # 10) and the Federal Rules of Civil Procedure.

Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado,

> Only an unrepresented party or a member of the bar of this court as defined by D.C.COLOLAttyR 3 may appear in a matter before the court, sign and file a pleading or documents, or participate in a deposition, hearing, or trial. . .
> . . . a corporation, partnership or other legal entity . . . may not appear without counsel admitted to the bar of this practice before this court, and absent prompt appearance of . . . counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity.

D.C.COLO.LAttyR 5(a), (b). *See also In re Shattuck*, 411 B.R. 378, 384 (10th Cir. BAP (Colo.) 2009) (artificial entity such as a trust is not authorized to prosecute or defend in a federal court except through an attorney that is licensed and admitted to practice in that particular court) (citations omitted). "A trustee is not the actual beneficial owner of the claims being asserted,

[and therefore] cannot be viewed as a party conducting his own case personally within the meaning of" Title 28 U.S. C. § 1654.". Id. (internal quotation marks and citation omitted). "[R]epresentation by a pro se litigant on behalf of a trust is impermissible." *United States v. Welch*, No. 11-CV-02292-CMA-KLM, 2012 WL 2402842, at *1 (D. Colo. June 26, 2012). To date, counsel has not entered an appearance on behalf of either Plaintiff. Plaintiffs have failed to comply with the Local Rules of Practice for the United States District Court for the District of Colorado.

On April 30, 2015, the court issued an order directing Plaintiffs to show cause on or before May 18, 2015 why sanctions including dismissal of this civil action should not be imposed against them for failure to comply with the court's Order, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. (*See* Order to Show Cause (Doc. # 12)). *See also* D.C. COLO. LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order."); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting the court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute). The court advised Plaintiffs that failure to adequately respond to the Order to Show Cause on or before May 18, 2015 may result in dismissal of this civil action without further notice. (*See* Doc. # 12). As of this date Plaintiffs have not responded to the court's Order to Show Cause. The court's records reflect that Plaintiffs' copy of the Order Show Cause was not returned as undeliverable. Plaintiffs have filed nothing in this case since the filing of the Complaint on December 15, 2015. "If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge

exercising consent jurisdiction may enter an order of dismissal with or without prejudice." D.C. COLO. LCivR 41.1. This civil action may properly be dismissed based on Plaintiffs' failure to respond to the court's Order to Show Cause.

Sufficient time has been afforded such that this civil action may also properly be dismissed for failure to effect service within the time limit of Fed. R. Civ. P. 4(m). The Federal Rules of Civil Procedure provide:

> "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As of this date, more than 180 days has passed since the filing of the Complaint and Plaintiffs have not filed with the court any proof of service of process on the Defendants. To date, none of the Defendants has filed with the Clerk of the Court a signed waiver of service or appeared in the case. Plaintiffs have not requested or shown good cause for an extension of time to serve the Defendants. A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to

proceeding further in a case."). This civil action may properly be dismissed for failure to effect service within the time limit of Fed. R. Civ. P. 4(m).

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted). Here, the court recommends dismissal without prejudice. The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). Plaintiffs have not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* attempt to identify and apply any limitations periods or tolling provisions applicable to Plaintiffs' Complaint.

Accordingly,

IT IS RECOMMENDED that this civil action be dismissed without prejudice for failure to comply with a court order, the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure, failure to respond to the court's April 30, 2015 Order to Show Cause, failure to timely serve the Defendants, and failure to prosecute this civil action.

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 19th day of June, 2015.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge